J-S18010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY LEE ROCK, | |
| Appellant | No. 1593 MDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):
CP-28-MD-0000283-1977

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 01, 2016**

Gary Lee Rock appeals from the September 3, 2015 order dismissing his PCRA petition as untimely.  We affirm.

On July 2, 1977, Appellant, dressed in combat fatigues and armed with a high-powered rifle, shot at people who were responding to a fire, which he had set, on his property.  He killed a neighbor and a firefighter, and injured several other firefighters.  On May 15, 1978, a jury convicted him of two counts of first-degree murder, one count of arson, and several counts of attempted murder.

In 1984, Appellant obtained *habeas* relief from the United States District Court due to trial counsel's ineffectiveness in failing to file a motion

_____
* Retired Senior Judge assigned to the Superior Court.

to suppress items seized during a warrantless search and for failing to introduce evidence of Appellant's good character. *Rock v. Zimmerman*, 586 F.Supp. 1076 (M.D. Pa. 1984). On January 16, 1985, Appellant was convicted at a new trial of the two counts of first-degree murder, four counts of attempted murder, and two counts of aggravated assault, and was thereafter sentenced to two consecutive terms of life imprisonment. Judgment of sentence was affirmed on direct appeal, and allowance of appeal was denied on July 8, 1988. *Commonwealth v. Rock*, 526 A.2d 1235 (Pa.Super. 1987) (unpublished memorandum), *appeal denied*, 546 A.2d 58 (Pa. 1988). Appellant sought, but was denied, *habeas corpus* relief. *Rock v. Zimmerman*, 729 F.Supp. 398 (M.D. Pa. 1990), *affirmed* 959 F.2d 1237 (3d Cir. 1992) (*en banc*), *cert. denied*, *Rock v. Preate*, 112 S.Ct. 3036 (1992).

Appellant filed two subsequent PCRA petitions, both of which were dismissed as untimely.[1] The orders were affirmed on appeal, and the

_____

[1] Appellant filed his first petition for post-conviction relief on or about May 15, 1997, in which he alleged that trial counsel was ineffective for failing to file a pretrial motion asserting double jeopardy based on the Commonwealth's deliberate concealment of exculpatory evidence involving a Pennsylvania State trooper's allegedly false testimony during the first trial. Appellant sought discovery in connection with that proceeding and the Commonwealth agreed to provide the requested information. N.T. Post-Conviction Relief Act Hearing, 2/5/98, at 7-8. That petition was found to be untimely as it was not filed within the one-year grace period under the 1996 amendment to the PCRA, and none of the exceptions was proven.
*(Footnote Continued Next Page)*

Supreme Court denied allowance of appeal. *See Commonwealth v. Rock*, 742 A.2d 210 (Pa.Super. 1999) (unpublished memorandum), *appeal denied*, 745 A.2d 1221 (Pa. 1999); *Commonwealth v. Rock*, 769 A.2d 1209 (Pa.Super. 2000) (unpublished memorandum), *appeal denied,* 781 A.2d 142 (Pa. 2001).

Appellant filed the instant *pro se* petition on June 8, 2015, and Mark F. Bayley, Esquire, was appointed as counsel. Counsel filed a *Turner/Finley*[2] no-merit letter and sought permission to withdraw, having concluded that the petition was untimely and that no timeliness exception was applicable. The PCRA court agreed, granted counsel's petition to withdraw, and issued Rule 907 notice of its intention to dismiss the petition. Although Appellant objected, the court dismissed the petition on September 3, 2015. Appellant filed the within appeal. He complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court issued its Rule 1925(a) opinion.

Appellant raises three issues for our review:

(1) Whether it was legal error for the PCRA court to refuse to consider whether misrepresentations by the Commonwealth (that it had complied with **Brady**) and Judge Eppinger (that the four police reports were not beneficial to the defense) constitute "interference by

*(Footnote Continued)* ─────────────────

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

government officials" within the scope of Pa.C.S.A. Section 9545(b)(1)(i)?

(2)    Whether it was legal error for the PCRA court to refuse to conduct an in camera inspection of the undisclosed and inaccessible police reports?

(3)    Whether Pa.R.Crim.P. 902(E)(1) violates due process since it requires proof of "exceptional circumstances" to obtain **Brady** evidence on PCRA review?

Appellant's brief at 2.[3]

In reviewing the dismissal of a PCRA petition, our standard of review is whether the determination of the PCRA court is supported by evidence of record and free of legal error. **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa.Super. 2012) (citation and quotation marks omitted). Our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa.Super. 2014).

In order to be timely, all PCRA petitions, even second and subsequent petitions, must be filed within one year after the defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545 (b)(1). "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012); **accord Brandon**,

---

[3] The Commonwealth advised this Court that it did not intend to file a brief in this matter.

*supra* at 234 (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) ("The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.").

"There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Brandon*, *supra* at 233-34; 42 Pa.C.S. § 9545(b)(1)(i-iii).  "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Jones*, *supra* at 17.  In addition, the exception must be asserted within sixty days of the date when the claim could have been presented.

The instant petition, filed almost twenty-five years after the United States Supreme Court, denied certiorari is untimely on its face.  Appellant contends, however, that his petition is timely under the governmental interference exception to the one-year time bar.  He claims that the court and the prosecutor, by sealing four police reports at his first trial, prevented him from accessing *Brady* material.[4]

---

[4] The certified record does not contain the transcript of Appellant's first trial. Appellant appended to his petition several pages of that transcript reflecting the exchange in chambers where the trial court ruled that the police reports contained nothing beneficial to the defense and ordered that the records be sealed.  We have no other information regarding the contents of those documents.

A petitioner who is availing himself of a timeliness exception is required to file his petition within sixty days of the date he acquired the information upon which his exception is based. 42 Pa.C.S. § 9545(b)(2). He must plead and prove that the information could not have been obtained earlier, despite the exercise of due diligence. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

The PCRA court concluded that Appellant failed to demonstrate that he could not have filed his claim earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). We agree. Appellant knew in 1978 that the court sealed the reports at the behest of the prosecutor, after concluding that they did not contain any information beneficial to the defense. Appellant did not challenge that ruling and did nothing to gain access to the reports for more than thirty-five years.

Appellant attempts to excuse his lack of diligence by claiming that the trial court and the Commonwealth misrepresented that there was no *Brady* material contained in the reports and "misled him into forgoing direct and collateral review." Appellant's brief at 7. In the same vein, Appellant argues that the Commonwealth's failure to notify him that the reports contained *Brady* material, together with their inaccessibility, meets the sixty-day requirement.

First, Appellant offers no evidence that the reports do contain *Brady* material or that the representations made in 1978 were false. Second,

Appellant did not file a direct appeal challenging the trial court's order sealing the documents. Nor did he raise this issue in his petition seeking *habeas corpus* relief. Appellant made no effort to access what he now claims was undisclosed **Brady** material prior to his second trial. Herein, Appellant is relying upon the alleged **Brady** violation as the basis for the governmental interference timeliness exception. As our High Court reiterated in **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), "[a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." Appellant has not met this burden. His attempt to raise the claim more than three decades after it could have been raised demonstrates a lack of due diligence.

Finally, Appellant argues that whether governmental interference exists can only be determined by examining what he characterizes as the secret police reports to see if the court and the Commonwealth misrepresented the content of the reports. He alleges that the PCRA court erred in refusing to conduct an *in camera* inspection, and that, without the reports, the record is inadequate for us to resolve the issue. According to Appellant, remand is necessary to permit inspection of the police reports.

The original trial court inspected the police reports and ruled that they were not beneficial to the defense. In order to circumvent the PCRA time bar, Appellant would have to prove that the sealing of the documents prevented him from pursuing his *Brady* claim for more than three decades. Appellant has not offered any satisfactory explanation as to why he could not have timely challenged the court's ruling. Nor has he demonstrated that he exercised due diligence to seek access to the reports. Furthermore, discovery is not permitted in PCRA proceedings except with leave of court and proof of exceptional circumstances. Pa.R.Crim.P. 902(E)(1). Herein, the discovery sought is relevant only to prove the underlying merit of an untimely petition. *Commonwealth v. Stokes*, 959 A.2d 306 (Pa. 2008). The trial court properly exercised its discretion in denying discovery.

In short, Appellant knew in 1978 that the trial court ruled that the police reports did not contain *Brady* material. Defense counsel timely objected to the sealing of the documents. Appellant did not challenge that ruling on direct appeal or in previous collateral petitions. More than three decades later, with no showing of due diligence, Appellant raises the issue for the first time on collateral review. We agree with the PCRA court that since Appellant failed to demonstrate that this issue could not have been raised before with the exercise of due diligence, the petition is untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/1/2016</u>